Good morning your honors. Good morning. Brian Carroll for Jerome Johnson. On court's permission I'll be addressing the second issue raised in the brief first. Counsel, this is not a microphone. Go ahead. It's a recording device. Speak up please. You have to compete with the traffic. I'll do my best your honor. Thank you. As I was saying, I'll address the second issue raised in the brief first and if time allows I'll address the third issue. Please record. The trial court in this case committed reversible error when it ruled on Johnson's pro se motion to reconsider sentence in his absence. The United States Supreme Court has long instructed that the complete deprivation of representation at a critical stage of the trial proceedings constitutes per se reversible error. The court has further held that a critical stage is any proceeding in which the substantial rights of the defendant may be affected. Now the motion to reconsider sentence is a critical stage. It may affect the defendant's sentence as the, by arguing for reconsideration, the trial court may influence the trial court's decision on the sentence. Secondly, it affects the defendant's right to appeal any sentencing issues. And third, it implicates the defendant's right to direct appeal because once the motion is ruled on, that's when the clock for filing a notice of appeal starts. Furthermore, Illinois courts have consistently held that a motion to reconsider sentence is a critical stage. Further... I don't mean to interrupt you, but you asked Lee to cite additional authority, Burnett? Yes. And Burnett doesn't say that, so how do you say it, that it's a critical stage when the case that you cite doesn't say it? They say that you don't have to have oral argument on a motion to reconsider. Well, Your Honor, Burnett never addressed whether or not a motion to reconsider is a critical stage or not. The court there determined that the defendant wasn't deprived of counsel. It was representative. So it never got to whether or not it was a critical stage or not and whether it was, per se, reversible error. There, the court said, well, counsel made the tactical decision not to show up at the hearing. And given that fact, and given that it's, you know, counsel makes the call whether to present argument, not the defendant, and in that case, the counsel filed a mere boilerplate motion that given all that, that the trial court didn't abuse its discretion in ruling on the motion without hearing argument. That's a far cry from what happened here. Johnson didn't make a tactical decision not to argue his case. He wasn't given that choice. And the court in Burnett only got to the question of whether or not it was abuse of discretion to rule without oral argument because it ruled that counsel or the defendant had counsel. Now, if, as the Supreme Court, United States Supreme Court instructs, if the court finds that there was a deprivation of counsel and it was a critical stage, that's where the analysis stops. It's per se reversible. You don't go on and say, well, let's then look at what happened at the hearing. It's per se reversible, not per se reversible unless it's harmless. And whether or not, well, that's how Burnett is different from this case, that it really doesn't speak to the issues involved here. Because here, Johnson had the right to representation, either by counsel or by representing himself. He was deprived of both, and thus there's a complete deprivation of representation. And the United States Supreme Court concluded that that is per se reversible error. So given that this was a critical stage, he was deprived of counsel, it's per se reversible error, and this Court should remand to give... But he's representing himself. How is he deprived of counsel? You mean he's deprived of coming himself? Yes. He's not. He didn't. He waived counsel. He didn't waive all representation whatsoever. He's acting as his own counsel. So he should have been able to come and present his case. He wasn't given anything. What about the fact that he did present in writing in the motion to reconsider the sentence? He raised the issues. They just weren't argued by him. Well, there was still a proceeding on the motion where the Court came out and the state's attorney was present and ruled on the motion. But the state's attorney didn't say anything. He didn't say anything, but it was still a proceeding. And if Johnson was there... I mean, you call it a proceeding, but isn't that what Burnett says? They say it's really not a hearing where the defendant had to be represented by counsel. There was a written motion to reconsider, and the judge ruled on it without having input from anyone, and so it really is not a hearing. Well, and that's why I'm using proceeding and not hearing. And the case law states that defendants have the rights... What's the difference? I'm sorry to interrupt, but what's the difference? Well, the difference is, again, in Burnett, the defendant had counsel who decided not to show up. Well, you say he decided not to show up. He didn't show up. They engage in a fiction in the case. They don't know why he didn't show up. They just assume because his client would lose if he showed up. It didn't make any difference. Well, the court still said it was likely a tactical decision, and the court never addressed the... or said it was not deprived of counsel. Again, yes, there wasn't a hearing because Johnson showed up. If Johnson was brought into court, he could have argued, you know, excuse me, judge, I would like to argue this. And in his motion himself, he said he asked to be brought in to argue. When the motion was initially put on call, Johnson indicated he wanted to argue the motion before the trial court made the erroneous decision it didn't have jurisdiction. And furthermore, our Supreme Court and people who read... Let me interject, and I apologize, Mr. Carroll, but is there any case law that you can direct us to that would have required... I think it was Judge Brown, wasn't it? Yes. To have allowed his motion for oral argument on his motion to reconsider? No, Your Honor. Well, if that's the case, then isn't that the end of the discussion for our purposes? No, Your Honor. Because why? Because that's getting into harmless error analysis. The question is, is it a critical stage? If it's a critical stage, then no matter what happens at the actual proceeding, if the defendant is deprived of representation, it's per se reversible error. You don't get to whether or not, well, did the trial court make the right decision until you get past that question of, is it a critical stage? And does the defendant deny representation? In Burnett, our Supreme Court held he had representation, so it moved on to, did the trial court make the right decision? In this case, Johnson was not given representation. He had absolutely no representation at the trial, or at the proceeding. Therefore, this court should not get to the, not proceed into whether there was any harmless error analysis. So, and as I was beginning to say, and people may read our Supreme Court, note that the purpose of the motion to reconsider sentence is to allow our sentencing issues to be litigated at the trial level where they're best addressed. And also in order to allow the trial court to spread on the record its reasoning for ruling on the motion to reconsider as they did. So, and those arguments will not only affect the potential to influence the defendant's sentence, but also will affect how the appellate court will review the case. Because it's the record that the appellate court has to rule on. And unless, you know, it doesn't make sense for the court, or to say that the defendant has the right to counsel to file a motion, and not to argue it, if a defendant has the counsel write up a motion and then it's abandoned at the hearing, and, you know, muffs up the motion, is not able to explain what the issues are, and have an effective dialogue with the court, he's going to be, or has the great potential to be losing his rights, waiving issues, and such. So it is a critical stage.  As long as the proceeding can influence the defendant's sentence, it's critical. A motion to reconsider a sentence, including the hearing, influences the defendant's sentence. So it's critical. So even though there was not a hearing, given that Johnson was not brought in, he wasn't given the chance to ask for a hearing. And so because he was deprived, excuse me, Your Honors, because this was a critical stage, and because he was deprived of representation at the proceedings, this is per se reversible error, and this court should remand for new sentencing hearing. In the alternative, this court should either reduce Johnson's sentence, or remand for resentencing, because the trial court improperly considered the frustration Johnson exhibited at trial as an aggravating sentencing factor. Under the Illinois Constitution, the defendant's sentence must be based on the seriousness of the offense and the defendant's rehabilitative potential. Here, however, in explaining the sentence, the trial court focused almost exclusively on Johnson's behavior at trial, and only made cursory mention of the seriousness of offense, Johnson's background, and other mitigating and aggravating factors. However, as the trial court itself acknowledged, that Johnson's behavior was due to his frustration in not being able to adequately present his defense. In the court's terms, he succumbed to the pressure of trials. And whether or not Johnson was a particularly effective litigator, and that he didn't react to the pressure of that trial correctly, that doesn't speak to the seriousness of the defense, or his rehabilitative potential. And that's what the sentence should be based on. Because the trial court focused on that behavior, rather than the proper factors, this court should either reduce his sentence, or remand for a new sentence. Particularly given that Johnson was given the maximum sentence, and this is a fairly small amount taken, no one was injured, there was no threat of injury, and even given Johnson's background, I think a maximum sentence in this case was not called for. Unless your honors have any further questions, I'll reserve two or three minutes for rebuttal. Thank you. Good morning. Mary Boland on behalf of the people. With regard to the second argument, there are two parts to this argument. The first part that the defendant is arguing is that he had a right to representation, and the second part is that he had a right to be present and argue his case. With regard to the representation, as your honor noted, he represented himself. He made it quite clear. Over half a dozen times, he was admonished, he made it quite clear he wanted to represent himself. He represented himself through sentencing. And as the Supreme Court has said in Baker, and this court clarified, that when you make a valid waiver, that continues into sentencing and it continues into post-trial. There's no question about that. There's no rule 402 claim made in this case. He represented himself at sentencing. He then filed a motion to reconsider sentence. In terms of the right to representation, he had his right to representation. That's exactly what Burnett found in the counsel representing the defendant. While the appellate courts have focused on the stage of the proceedings, the Supreme Court said he had representation. We're going to move on to the right to be present. Here, he represented himself. What about the fact that he asked for standby counsel and that was denied at the trial? That he, you know, admitted that he didn't have the ability to adequately represent himself? Your honor, he did ask for standby counsel right at the beginning of trial. As you are aware, although the defendant didn't argue in a debate, but in answer to your question, this was an individual who was 44 years old, had a 30-year criminal history record, had pled himself to the minimum sentence just recently. I think Judge Hill alone spent 4 or 5 pages of the record in one of the pre-trial hearings talking to the defendant about how useful it would be to have counsel. How useful it would be, he could have free counsel, gave him his right to represent himself. And that is a constitutional right. And every judge can do their best to dissuade or to suggest, but ultimately, at the end of the day, we can't give a constitutional right and then have such skepticism that we say, but because he was convicted or he didn't know what he was doing on this occasion, somehow he shouldn't have been able to exercise it. It is his right. Every judge, including Judge Brown, on several occasions. And also, I don't recall the court ever asking or at the time when he said he wanted to represent himself, suggesting that he have standby counsel, which the court very well could have done when he said, I want to represent myself as standby counsel. And that's what the case law says, you know, is really the better procedure to do in the interest of moving the case along in the interest of making sure the defendant has adequate representation. But that was not done. That was not done, Your Honor, because the court attempted to go through exactly not only what the court is required to go through, which is what it means to represent yourself, but the court at a number of junctions, not only Judge Hill but also Judge Brown, who, if there are commendations for patience and explanations in this case, Judge Brown should be considered because he did an excellent job of trying to work with the defendant to make sure that the defendant's rights were met at every juncture. Defendant, in one standby counsel, just before trial, he said, well, I'd like standby counsel. And the judge said, I have told you over and over again that if you choose to go on this path, you will be held responsible for the path you choose. And in my discretion, I'm not going to appoint standby counsel. And so was that a type of punishment as opposed to then allow the defendant to go on his own and to make the errors which he subsequently committed that could have been avoided had he appointed standby counsel? Well, here's the thing. It's a very simple case. First of all, he has five convictions for theft. So he has more experience in theft cases than most people off the street. I think there's a very big difference between being a defendant and being a lawyer. And it was clear, you know, that this process of this counsel was inept. I mean, this defendant was not Inept at representing himself. Exactly. And each occasion the judge tried to assist him. He tried to not only assist him by suggesting counsel So how can you in the next sentence say, well, because he's been a defendant four times, that he knew all how to represent himself as counsel? You can look at this record. He did an amazing job. The difference is he filed a Montgomery motion on his conviction so that they wouldn't come in. He was involved in jury selection. He made challenges for cause. He made peremptory challenges when the challenges for cause were denied. In some instances he made motions to dismiss. He made speedy trial motions. He was obviously very familiar. While some procedures he didn't clarify, in some cases the judge, Judge Brown, actually said to him, if this is what you're trying to do, this is how you do it. And then the defendant would completely ignore the judge. There is no reason to believe that he would have followed any instructions by standby counsel, having fired his own counsel. The question is, was it not reasonable for the court to have, at the juncture, when a defendant asked for it to have appointed standby counsel, was not that the reasonable thing that the trial court should have done? But you see, that's it. Reasonable minds can differ, and that's what discretion is all about. Judge Brown had worked with this particular defendant on many, many pretrial motions and said on many occasions, if you choose this path, this is the path you're going to choose. Here's what the responsibilities are. Here's what your duties will be. Here's what you need to be concerned about. Sometimes asking the state to assist him, sometimes telling him what he needed to do, sometimes saying, here's a form, go ahead and fill out this form. This is what you need to do. Nothing says that a judge has to appoint standby counsel to do those types of things. The defendant here was an experienced defendant. He was not a child. He was in his forties. He has nine prior convictions. He chose this path. It was a very simple case. No expert testimony. No forensic evidence. Nothing but three witnesses, the victim, and two security guards, and a video. And he was successful in his closing argument. And where in this transcript does it indicate that the trial court ever adhered to the criteria set forth in People v. Gibson which our Supreme Court says is the criteria that's supposed to be adhered to when considering whether or not standby counsel should be appointed? Let me explain it. I left my Argument 1 at my desk since that was an argument. But let me talk about Argument 1 then for a minute, the Gibson factors. First of all, the judge specifically stated I'm exercising my discretion. And secondly, in Gibson, you look at the nature and the gravity of the charge. And I would point out to this Court that the Phillips case is very, very similar to this case. In the Phillips case, it was decided by this Court in 2009, same Class III felony, a serious offense. Unlike Gibson, however, which was a capital case where he was trying to go pro se. Phillips had a 9-year sentence, this case has a 10-year sentence. Also Smith, another very similar case decided by this Court in 2007, that case resulted in a 15-year sentence. The next Gibson factor is the expected factual and legal complexity of the proceedings. In Phillips, it was all incident witnesses and a couple of photos. Here, all incident witnesses and a videotape. No experts, no forensics, no medical testimony. That's what this Court said in Phillips. Unlike Gibson, where there was a combination of forensic evidence and expert testimony, making it challenging for the defendant, and there was a prior hung jury resulting in a mistrial showing the close nature of the evidence. Here, one of the few claims he makes in this case is that I couldn't get the video in, I didn't know how to get the video in. The state introduced the video, the video came in. And I would point out, as I started to, in his closing argument, he made a point of saying to the jury you didn't see the rest of the video, the jury sent out a note we'd like to see the video. The parties in the Court made sure the video got shown to the jury two more times. So the defendant was successful in getting in what he wanted to get in. And then you have to look at the third factor, which is the abilities and the experience of the defendant. And as I said, he represented himself in 2001 in a case in Skokie. He was able to achieve the minimum sentence on a guilty plea. He was no stranger to the criminal justice system, as this Court noted is important to recognize in the Phillips case. In Phillips he was 41 years old, he had several convictions for battery, it was an ag battery of a police officer. Here he's 44 years old, he has five convictions for theft amongst his nine convictions. So it's clear that this defendant, like the defendant in Phillips had considerable experience in the criminal justice proceedings. He had extensive familiarity. And I would point out that as Justice Gordon noted in the Phillips case when he claimed he needed standby counsel and came to this Court, Justice Gordon said it reminds the Court of the old adage about the son who murders his parents and then asks for mercy from the Court because he's now an orphan. This Judge Hill and Judge Brown warned him more than a half a dozen times against representing himself on a half a dozen different occasions. The defendant said, I demand my right to do this. He had a right to do this. He was able to cross-examine every witness. He obtained some concessions. He was able to get the video to be examined by the jury in its entirety, which is what he wanted. He was able to represent himself and that is what the Constitution allows him to do and that is why the Court had discretion to order or not order standby counsel and therefore it was well within the discretion of the Court to do. If that answers your question, let me turn back to Issue 2 for a minute. With regard to Issue 2, as I've said, he had a right to representation. The second point of that is the point that was directly addressed by Burnett. Burnett said there is no general right to appear. The right of presence is a right that facilitates an underlying substantial right. For instance, in the Bean case, it was the right to a public trial. Here, he had a right to file a motion to reconsider. He filed that motion to reconsider and as the defendant has argued here on appeal, the only issue he's raising, and in fact the only issue that's argued this morning is that he was not happy with the judge's comments with regard to his representing himself and what that meant. However, with regard to the motion itself, the only thing he raised was that issue, which would ask the Court to basically re-weigh the factors in aggravation. At sentencing, however, the Court has considered the statutory mitigation and aggravating factors. I've heard the evidence in this case. I'm aware of the jury's verdict. I'm considering the defendant's rehabilitative potential. I've considered the facts and circumstances in this case. I'll consider the pre-sentence investigation, including its outline of the defendant's criminal history, the certified statements of conviction that have been brought up. I've considered the statement of the defendant and I'm prepared to give what I believe is the appropriate sentence in this case. The defendant has no right to a presence as a general constitutional matter in his right to file. He also talked about how the defendant had conducted himself in a pathetic fashion, that he showed disrespect to the people working in the courtroom, the jury, and himself that he wasn't up to the task and the stresses of representing himself, that he made a serious mistake in choosing to do it. And about how unwise his choice was and how it was against the advice. All of those things seem to have been taken into consideration in extending the sentence. And so that is why the defendant seemed to think that the judge was engaged in extending a sentence in a retaliatory manner as a way of punishing his behavior and keeping in mind that the offense here was stealing $131 out of someone's pocket and the defendant received a 10 plus year sentence. Your Honor, the judge I think had tremendous amount of interaction with this defendant because he represented himself and because the judge tried so hard throughout these proceedings to assist the defendant to ensure that his rights were met. And at the end of the day, in his closing argument, he accuses the judge, he accuses the prosecutors of being out to get him, of being prejudiced against him. He makes pretty incendiary comments. I think what the judge was trying to say was yes, you didn't do the best job in representing yourself. I don't find that it prejudiced you because if it prejudiced you I think I would have granted your motion for new trial forced you to work with counsel and have you have a new trial but I don't find there was a reasonable probability that the outcome would have been affected if you had been represented by a lawyer. Judge Brown was trying to communicate to the defendant that although he made choices and those choices didn't work out for him if the judge granted him a motion for new trial he would have forced him to work with a lawyer because the judge was concerned for defendant's welfare. So I think this judge clearly based his sentencing on the factors in the record including the nine-time conviction of this defendant who had absolutely no concern for the criminality of his conduct and just felt everybody was out to get him throughout this entire proceedings. And as in Burnett, defendant's absence in the court for the ruling did not substantially result in an unfair proceeding it didn't deny defendant any substantial rights or the opportunity to adequately espouse his positions the sentence is correct, he is eligible for 10 years it is within the sentencing range, it is within the discretion of the court and based on all of these factors we would ask this court to affirm this conviction. Thank you. Thank you. Coming to the second issue counsel states that Johnson chose to represent himself and that's what he got he filed a motion to reconsider a sentence so he doesn't get counsel on the hearing like I argued previously Jackson wasn't given the choice and yes, he chose to represent himself so bring him in to the proceedings and let him represent himself he wasn't given that choice I think I've argued extensively on my reasons why I believe Burnett is distinguishable from this case Now for the standby counsel while the trial court said I'm using my discretion in denying standby counsel the court never mentioned any of the Gibson factors the only thing the court said is I don't want to saddle another attorney with having to deal with you that's not a proper consideration and while Isn't the court presumed to know the law and he certainly knew the law when he said he was exercising discretion, he knew he had the right to give him standby counsel and not at his discretion The trial judge is presumed to know the law however that presumption can be overcome by indications in the record What are the indications in the record that Judge Brown, a learned trial judge did not know the Gibson factors Well it's not just he didn't know the Gibson factors he considered an improper factor mainly he said I don't want to saddle another counsel with dealing with this How could a lawyer who had not looked at this defendant's case, who had filed motions on the case, litigated motions and now they were about to select the jury possibly have been anything but ineffective in helping the defendant in this case I know the judge used the word saddle but as an attorney you want to walk into something where there's transcripts and a history of the case I mean that's what the judge has to consider that he's going to give a lawyer to someone who's litigated issues, who's been admonished repeatedly about taking counsel who won't take counsel to now advise the defendant how to do things on a case that the lawyer is unfamiliar with I understand all those difficulties however one counsel can ask for a continuance it's no difference between when a counsel withdraws and a new counsel has to come in How does a lawyer who's not representing the defendant ask for a continuance? Standby counsel don't normally run the case the defendant is the one who asks He could advise Johnson to ask for a continuance and I think given the difficulties Johnson had in this case I think it would be unreasonable to speculate that he would be granted one and secondly, again all your concerns are real they're not any of the Gibson factors and that's what the United States Supreme Court states is If we presume that the court knows the logic looking at the Gibson factors it's a fair case it's simple, non-technical, nothing's complex about it at all Getting to the Gibson factors one, counsel's argument that Johnson did a smash up job representing himself is surprising given that the prosecution at trial asked for BC acts based on Secondly, the court repeatedly throughout the trial mentioned what a poor job Johnson was doing Again, this is a simple pickpocket case I believe the record's something like a thousand pages I think it's Johnson's complete inability to represent himself is manifest just by the bulk of the record itself Secondly the state for the gravity of the charge the state in its brief concedes that given the sentence Johnson is facing that yes, that factor does go in Johnson's favor and yes, while the case isn't complex for an attorney the record shows Johnson's inability to deal with simple impeachment while he did try to impeach and was successful in some ways the effect of the impeachment was likely largely lost on the jury due to the utter confusion caused by Johnson's fumbling around And secondly, it probably made the jury look at Johnson in a bad light So I think that a quick reading of the record shows that his ability was not such that he could represent himself without standby counsel You sound like he shouldn't have represented himself and if he got standby counsel standby counsel should have done everything and then he really wouldn't have because he's so inept That's incorrect, Your Honor As the United States Supreme Court noted in McCaskill v. Wiggins that it's often a good idea to have standby counsel because counsel couldn't dredge what the defense would be But he could at least show Johnson OK, you want to impeach someone? This is how you do it Instead of Johnson going up there attempting to do what he wants But by the same token, Judge Brown needs to hold him to the same standard that he holds the Assistant State's Attorney who's sitting on the other side of the courtroom, right? Excuse me, I didn't hear you Judge Brown needs to hold your client to the same standard that he holds the attorneys who are practicing Yes, Your Honor Judge Hill and Judge Brown repeatedly told Mr. Johnson if you represent yourself, you're going to be held to the same standard as any lawyer in everything that you do It wasn't said once, it was said over and over and over again, especially by Judge Brown My two judges is just as I am Judges on several different occasions You're going to have to act like a lawyer in presenting evidence, in arguing, in everything you do You're going to have to be an attorney I'm going to hold you to that standard And he said, great, I'm going to jump right in there and do it myself, I know how to do it I know the law There's some words I might not understand, but I know the law Counsel, do you find a distinction in this case between a defendant representing himself and a defendant being entitled to stand by counsel? Yes Well, the defendant has a constitutional right to self-representation I'm not arguing that he has a constitutional right to stand by counsel The distinction is, stand by counsel doesn't direct the defense It's just there, as the Supreme Court noted in McCaskill He's there to assist the defendant in subpoenaing witnesses impeaching witnesses and other procedural hurdles that a pro se defendant will likely likely face Again, I'm not arguing that Johnson had the right Given this case Johnson's manifest inability to handle this case by himself, I believe was an abusive discretion for the court not to give him stand by counsel Particularly, as I know the court disagreed with me on this the court claimed that he's not providing stand by counsel because he just doesn't want to settle I believe your time is up Thank you counsel, this matter will be taken under advisement